**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4466**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

MARVIN FITZGERALD OUTING,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:06-cr-00102-FDW-1)

Submitted:  April 26, 2016                    Decided:  May 5, 2016

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & WINTRHOP, Statesville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Sanjeev Bhasker, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Fitzgerald Outing pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Outing to 118 months of imprisonment, followed by 3 years of supervised release. Following Outing's release from incarceration, he was charged in state court with assault on a female and communicating threats, for two separate incidents. The district court revoked Outing's supervised release and sentenced Outing to 24 months of imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Outing first argues that the district court abused its discretion in admitting the hearsay statements of the victim where the victim did not testify at the revocation hearing. "We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." United States v. Ferguson, 752 F.3d 613, 616 (4th Cir. 2014). Pursuant to Fed. R. Crim. P. 32.1(b)(2)(C), a defendant in a revocation proceeding is entitled to an opportunity to question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear. Id. "Rule 32.1(b)(1)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such

2

confrontation." United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012). While reliability is no longer the test for admissibility, it remains "a critical factor in the balancing test under Rule 32.1." Id. at 531. "If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." Id. We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the victim's statements.

Outing also argues that the sentence is plainly unreasonable. We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable; in making this determination, we follow the procedural and substantive considerations employed in reviewing original sentences. Id. at 438. Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted).

If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence is plainly unreasonable. Id. at 438-39. We have reviewed the record and conclude that Outing has failed to demonstrate that the sentence is procedurally or substantively unreasonable. It follows, therefore, that the sentence is not plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

4